## METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, Plaintiff,

v.

## ASHLAND OIL, INC., and Ashland-Warren, Inc., Defendants.

### No. 81–3515.

United States District Court, M. D. Tennessee, Nashville Division.

Jan. 5, 1982.

Michael J. Passino, Nashville, Tenn., for plaintiff.

Alfred C. Frawley, III, Washington, D. C., E. E. Edwards, III, Nashville, Tenn., for defendants.

## MEMORANDUM

WISEMAN, District Judge.

Plaintiff, the Metropolitan Government of Nashville and Davidson County, Tennessee, has filed this action against defendants Ashland Oil, Inc., and Ashland-Warren, Inc., seeking compensatory, declaratory, and injunctive relief for certain alleged violations of the Sherman Act, 15 U.S.C. § 1, and the Tennessee antitrust laws, T.C.A. § 69–101 *et seq.* Defendants have moved that plaintiff's claim for "full consideration" damages pursuant to T.C.A. § 69–106 be dismissed. For the reasons stated below, this Court grants defendants' motion and dismisses plaintiff's claim under T.C.A. § 69–106.

T.C.A. § 69–106 declares:

Any *person* who may be injured or damaged by any such arrangement, contract, agreement, trust, or combination, described in this chapter may sue for and recover, in any court of competent jurisdiction, of any *person* operating such trust or combination, the full consideration or sum paid by him for any goods, wares, merchandise, or articles, the sale of which is controlled by such combination or trust. (emphasis added)

Defendants argue that because the statute refers specifically to "person[s]" it is inapplicable to them as corporate entities. In other words, defendants argue that the term "person" means only natural persons and not corporations or municipalities. Plaintiff, on the other hand, contends that

**408**

the term "person" as used in section 69–106 should not be read so narrowly and includes both corporate and natural persons.

At first glance plaintiff's argument would seem to have greater merit than defendants'. Often the word "person" is used in statutes to refer to corporate entities as well as human beings, and given that antitrust claims frequently arise between corporations and other such nonnatural persons, it would seem only sensible that the

section 69–106 "full consideration" damage remedy would be available to those parties. A closer review of Tennessee's antitrust laws, however, dictates a contrary conclusion.

In contrast to section 69–106, other provisions of the Tennessee laws specifically declare their applicability to both "persons and corporations" in some instances and to only corporations in others.[1] In light of this explicit language in other sections of

1. Section 69–101, the general prohibitory provision of the antitrust laws, provides:

   Trusts and combinations lessening competition or controlling prices unlawful and void. —All arrangements, contracts, agreements, trusts, or combinations between *persons or corporations* made with a view to lessen, or which tend to lessen full and free competition in the importation or sale of articles imported into this state, or in the manufacture or sale of articles of domestic growth or of domestic raw material, and all arrangements, contracts, agreements, trusts, or combinations between *persons or corporations* designed, or which tend, to advance, reduce, or control the price or the cost to the producer or the consumer of any such product or article, are declared to be against public policy, unlawful, and void. (emphasis added).
   Section 69–102 provides:
   Price fixing agreements unlawful and void. —Any arrangements, contracts and agreements that may be made by any *corporation or person*, or by and between its agents and subagents, to sell and market its products and articles, manufactured in this state, or imported into this state, to any producer or consumer at prices reduced below the cost of production or importation into this state, including the cost of marketing, and a reasonable and just marginal profit, to cover wages or management, and necessary incidentals, as is observed in the usual course of general business, and the continuance of such practice under such contracts and arrangements for an unreasonable length of time, to the injury of full and free competition, or any other arrangements, contracts or agreements, by and between its agents and subagents, which tend to lessen full and free competition in the sale of all such articles manufactured and imported into the state, and which amount to a subterfuge for the purpose of obtaining the same advantage and purposes are declared to be against public policy, unlawful and void. (emphasis added).
   Section 69–103 provides:
   Penalties for violation of § 69–101 or 69–102—Prosecution of actions.—(a) Any violation of the provisions of either of §§ 69–101 or 69–102 is declared to be destructive of full

   and free competition and a conspiracy against trade, and any *person* who may engage in any such conspiracy or who shall, as principal, manager, director, or agent, or in any other capacity, knowingly carry out any of the stipulations, purposes, prices, rates, or orders made in furtherance of such conspiracy, shall upon conviction be punished by a fine of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000), and by imprisonment in the penitentiary not less than (1) year nor more than (10) years; or in the discretion of the court, by either such fine or imprisonment.
   (b) Any violation of the provisions of §§ 69–101 or 69–102 by a *corporation* shall upon conviction be punished by a fine not exceeding one million dollars ($1,000,000).
   (c) The attorney general and reporter of the state shall have the power to institute criminal proceedings against *persons and corporations* for violations of the provisions of §§ 69–101 or 69–102, that involve the award of a contract by the state. However, the attorney general and reporter shall have jurisdiction to institute criminal proceedings that involve violations on contracts awarded by political subdivisions of the state upon the written request of the local district attorney general. (emphasis added).
   Section 69–104 provides:
   Forfeiture of charter for destruction of competition or conspiracy against trade— Foreign corporation excluded from doing business—Duty of attorney-general—Any *corporation* chartered under the laws of the state which shall violate any of the provisions of either of §§ 69–101 or 69–102 shall thereby forfeit its charter and its franchise, and its corporate existence shall thereupon cease. Every foreign *corporation* which shall so violate is denied the right to do, and is prohibited from doing, business in this state. It is made the duty of the attorney-general to enforce these provisions. (emphasis added).
   Section 69–105 provides:
   Debts, joint and several—Liability for.— All *persons and corporations*, and the officers and the stockholders of all corporations, that shall become or continue to be members of, or in any way connected with or concerned

the state antitrust laws, this Court finds it unlikely that the wording of section 69–106 is intended to be construed as broadly as plaintiff urges. It is improbable that the state legislature would seek to convey with the single word "person" in section 69–106 what it felt should be explicitly expressed in other sections by several terms. Moreover, in its early days, section 69–106 did in

in, any such trust, contract, agreement, or combination, shall be jointly and severally liable to pay all the debts, obligations, and liabilities of each and every *person and corporation* that may become or continue a member thereof, connected therewith, or concerned therein, as fully as if all were partners in the creation of such debts, obligations, and liabilities. (emphasis added).

Section 69–108 provides:

Trust or combination may be pleaded in abatement or bar of suits.—When action at law or suit in equity shall be commenced in any court, it shall be lawful, in the defense thereof, to plead in bar or in abatement of the action that the plaintiff, or any other *person or corporation* interested in the prosecution of the action, is a member or connected with, and the cause of action grows out of, some business or transaction with such trust, pool, contract, arrangement, or combination as described in either of §§ 69–101 or 69–102. (emphasis added).

Despite the apparent precision of language utilized in the above-noted sections, this Court observes that at least one other section of the antitrust laws is in fact ambiguous in regard to the person/corporation issue.

Section 69–107 states:

Witnesses in actions for damages—Competency—Incrimination.—Upon the trial of any civil action against any *person* for a violation of any preceding section in this chapter, all officers, stockholders, and agents *of such corporation, person, or copartnership* shall be competent witnesses against the defendant, as such, on trial; and such officers, stockholders, and agents may be compelled to testify against such defendant, and produce all books and papers in their custody or control pertinent to the issues in such action at or before the time of trial, and shall not be excused from producing any books or papers because the same might tend to criminate such witnesses; but nothing which such witness shall testify to, and no books or papers produced by him, shall in any manner be used against him in any criminal action to which he is a party. (emphasis added).

It can certainly be argued that the seeming inconclusiveness of the word "person" as first utilized in section 69–107 supports plaintiff's position. On the whole, however, this Court

fact specifically apply to "any person or persons or corporation" as either the injured or injuring party.[2] For reasons unknown, that language was altered to leave only the term "person" as presently exists in section 69–106. Plaintiff contends that the alteration was purely accidental,[3] but in the absence of any solid indication to the contrary, this Court must presume that the

believes that even in section 69–107 a delineation has been made between natural persons and corporations similar to that which exists in the other sections of the antitrust law, including section 69–106.

2. As enacted by Chapter 140, Tennessee Public Acts of 1903, the section stated:

Sec. 4. Be it further enacted, that any *person or persons or corporation* that may be injured or damaged by any such arrangement, contract, agreement, trust or combination, described in section 1 of this act, may sue for and recover in any court of competent jurisdiction in this state of any *person or persons or corporation* operating such trusts or combination, the full consideration or sum paid by him or them of any goods, wares, merchandise or articles, the sale of which is controlled by such combination or trust. (emphasis added).

*See State ex rel. Cates v. Standard Oil Co.*, 120 Tenn. 86, 100, 110 S.W. 565, 568 (1908); *Standard Oil Co. v. State*, 117 Tenn. 618, 628, 100 S.W. 705, 707 (1907).

3. Plaintiff basically argues that a poor choice of words resulted in the deletion of the "or persons or corporation" portion of the section's language. The antitrust law was amended in 1927 to proscribe price-fixing. Tenn.Pub.Act of 1927, ch. 60, codified at T.C.A. § 69–102 (1976). Section 3 of the 1927 Act stated that "any person damaged [by price-fixing] shall have the civil action for damages given under Section 4 of [the 1903] Anti-Trust Act." As is evident, the 1927 Act uses only the word "person," without reference to "corporation." When the laws were recodified in 1932, the words "or persons or corporations" were deleted from Section 4 of the Antitrust Act, the precursor to section 69–106, and the section was left with specific reference only to a "person." Plaintiff contends that the 1927 amendment was intended to incorporate section 4 of the 1903 Act in its entirety and that the 1932 recodification misinterpreted the use of the word person in the 1927 Act when limiting the language of section 4[§ 69–106]. This Court is not unsympathetic to plaintiff's argument. Nevertheless, in light of the other considerations noted by this Court, this Court does not find the contention compelling.

legislature acted knowingly and intentionally in narrowing the scope of section 69–106.

Both plaintiff and defendants point to the case of *Standard Oil Co. v. State*, 117 Tenn. 618, 100 S.W. 705 (1907), as supporting their respective positions. In *Standard Oil Co.*, the Tennessee Supreme Court interpreted the term "persons" as it was used in the section of the state antitrust law providing criminal penalties for certain violations.[4] The court concluded that "persons" in that context meant only natural persons and did not include corporations.[5] *Id.* at 650–651, 100 S.W. at 713–14. *Standard Oil Co.* is more instructive for its approach than its specific conclusion, however. Because it was interpreting a criminal provision, the Tennessee Supreme Court focused heavily on the statutory penalty of imprisonment and concluded that since corporations cannot be imprisoned, "persons" in that section meant only human beings. The case before this Court obviously involves only a civil statute, not a criminal provision, and in that respect, the *Standard Oil Co.* decision is inapplicable. In addition to its criminal analysis, however, the Tennessee Supreme Court examined the language of the other sections of the antitrust law, and as this Court has noted, observed that differing terms and phrases were used to state the applicability of the individual provisions.[6] The court concluded that the particularized use of "persons and corporations" in some sections rendered it unlikely that "persons" in the section in question was intended to encompass both natural and nonnatural persons. *Id.* at 650, 100 S.W. at 713. This Court finds the force of such logic compelling and has utilized similar reasoning in analyzing the breadth of section 69–106. Although not determinative of the specific issue in this case, then, *Standard Oil Co.* is on the whole more beneficial to defendants' position.[7]

4. The Tennessee Supreme Court focused on section 3 of the 1903 Act, which declared that *any violation of the provisions of this act* shall be deemed, is hereby declared to be, destructive of full and free competition, and a conspiracy against trade, and any *person or persons* who may engage in any such conspiracy, or who shall, as principal, manager, director, or agent, or in any other capacity, knowingly carry out any of the stipulations, purposes, prices, rates or orders made in furtherance of such conspiracy, shall upon conviction, be punished by a fine of not less than one hundred dollars or more than five thousand dollars, and by imprisonment in the penitentiary not less than one year nor more than ten years; or in the judgment of the court, by *either such fine or imprisonment*. (emphasis added). 117 Tenn. at 628, 100 S.W. at 707.

5. The court also noted, however, that the term "person" is not always restricted to natural persons. The full meaning of the term depends upon the specific context in which it is used. As the court in *Standard Oil Co.* stated,

The word "person" is a general or generic term; hence, when embraced in a statute, it embraces not only natural persons, but also artificial persons, such as private corporations, unless the context indicates that it was used in a more limited sense, or the subject matter of the act leads to a different conclusion; that is to say, it applies to corporations in all instances where it can reasonably or logically so apply. . . . But still there are many cases in which the Legislature does not mean that the word "person" shall include corporations. This is always a question of *intention, and the intention must be sought* for and determined in each case by the aid of the context, the general scope and purposes of the act, and other pertinent considerations. 117 Tenn. at 650, 100 S.W. at 713. This Court agrees with the Supreme Court of Tennessee that "person" ordinarily can mean both natural persons and corporations. Indeed, as stated earlier in this Memorandum, this Court believes that in the general context of antitrust laws, a statutory provision relating to "persons" would be applicable to both natural persons and corporate entities. In the specific context of the Tennessee antitrust law, however, this Court must conclude that the legislature intended the word "person" to mean just that: a human being.

6. As the court stated:

Considering this statute as a whole, we do not think it was the intention of the Legislature that the word "persons," as used in it, should include corporations. We think this conclusion is irresistible from the uses of both terms "persons and corporations" in some sections of the statute, and that of only one in other sections, when taken in conjunction with the subject-matter of the several sections. 117 Tenn. at 650, 100 S.W. at 713.

7. The only state court opinion addressing the issue in the instant case is in agreement with this Court both in its evaluation of the *Stan-*

Finally, this Court notes that the state legislature recently amended one section of the antitrust law to make its scope more specific and extensive.[8] If, as plaintiff contends, section 69–106 actually is intended to cover both natural and nonnatural persons, it would seem a simple matter for the legislature to amend the section and clarify its applicability. Until any such change in language occurs, however, this Court must read section 69–106 as it is written and in relation to the other provisions of the state antitrust law. Although section 69–106 is a remedial provision and is to be read broadly, this Court cannot in good faith give it the interpretation that plaintiff desires. Section 69–106 clearly applies only to natural persons, as both plaintiffs and defendants, and this Court cannot rule otherwise.

Defendants' motion to dismiss plaintiff's claim under T.C.A. § 69–106 is granted.

---

*dard Oil Co.* decision and in its general conclusion. In *Davis-Watkins Co. v. Service Merchandise Co., Inc.,* No. 77–1329–I (Chancery Ct. Dec. 21, 1978), the state Chancery Court, Hon. Ben H. Cantrell presiding, ruled that section 69–106 did not apply to corporations. Chancellor Cantrell, in a brief Memorandum opinion, cited *Standard Oil Co.* and reasoned that because certain sections of the antitrust law applied specifically to persons and corporations, section 69–106, with its reference only to persons, was not meant to apply to both. No other courts have dealt with the issue involved here. Indeed, few courts have had occasion even to consider the Tennessee law. *See, e. g., In re Wiring Device Antitrust Litigation,* 498 F.Supp. 79, 86–87 (E.D.N.Y.1980).

8. In 1981 the Tennessee state legislature added two subsections to section 69–103, which generally provides criminal penalties for violations of sections 69–101 and 69–102. Subsection (b) enacted criminal fines for corporations, since section 69–103 had previously been applicable only to natural persons. Subsection (c) granted certain prosecutorial powers to the state Attorney General. *See* note 1 *supra.* In amending the statute, the legislature clearly indicated its concern that criminal penalties apply to corporations and delineated that intent with explicit language. Section 69–106 similarly could be amended if it is the legislature's intent that it apply to more than just natural persons.