**METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, Plaintiff,**

v.

**ASHLAND OIL, INC., and Ashland-Warren, Inc., Defendants.**

**No. 81–3515.**

United States District Court,
M. D. Tennessee,
Nashville Division.

April 6, 1982.

Michael J. Passino, Nashville, Tenn., for plaintiff.

Alfred C. Frawley, III, Washington, D. C., E. E. Edwards, III, Nashville, Tenn., for defendants.

MEMORANDUM

WISEMAN, District Judge.

This matter is presently before the Court on the motion of the State of Tennessee that the Court reconsider a prior ruling. On January 5, 1982, the Court held that T.C.A. § 69–106—the provision of the Tennessee antitrust statute, T.C.A. § 69–101 *et seq.*, that provides full consideration damages to aggrieved parties—applies only to natural persons and not to corporate or other non-natural "persons." *See Metropolitan Government of Nashville and Davidson County v. Ashland Oil, Inc.*, 529 F.Supp. 407 (M.D.Tenn.1982). On February 24, 1982, the Court granted permission to the State of Tennessee to intervene pursuant to Rule 24(a), F.R.Civ.P., for the limited purpose of asking the Court to reconsider its January 5 ruling. On March 12, 1982, the Court heard oral arguments on the State's motion to reconsider. The Court now reverses its prior ruling and order dismissing the Metropolitan Government's claim under T.C.A. § 69–106 and holds that T.C.A. § 69–106 applies to both natural and non-natural persons.

The Court based its January 5 ruling on its reading of section 69–106 in the context of the entire state antitrust statute. The Court concluded that because other provisions of that statute referred explicitly to both corporations and persons in some instances and to only corporations or persons in other places, section 69–106's use of the single term "person" should be interpreted to mean only human beings. The Court noted that the word person as used in statutes often encompasses both humans and corporate entities. The Court was influenced, however, by the fact that the forerunner of present section 69–106 had in fact once expressly covered both "corporations and persons" but the term "corporations" had been deleted during recodification of the statute in 1932.

The briefs and oral arguments on the State's motion to reconsider brought new information to the Court's attention that it had not considered in making its earlier ruling. For one thing, the report of the Joint Committee on Codification, which had been appointed to recodify Tennessee laws for the Sixty-Seventh General Assembly of Tennessee, indicates generally that simple wording changes by the codification committee were intended to have no real substantive impact. The report declares:

The extent of this modification may be determined by a comparison of the section as it appears in the dummy with the original statute, or section as it appears either in Shannon's Code or the Code of 1858. However, the Committee wishes to report that in most instances the modifications are simply in reference to form or verbiage and do not affect the substance of the particular law so modified.

[The] Committee reports that it has painstakingly and carefully considered every section in the dummy wherein a modification has been made, comparing the section as it appears in the dummy with the Act or section from which it was taken, and we find in most instances that the modification has no substantive effect.

Report of Recess Joint Committee on Codification to the Sixty-Seventh General Assembly of the State of Tennessee, at p. 2 (Exhibit 1 to March 12, 1982, hearing).

Second, and more important, T.C.A. § 1–3–105(14), which defines the terms generally used in the Tennessee Code, states that

[a]s used in this Code, except when the contrary intention is manifest ... "Person" includes a corporation, firm, company, or association.

Applying section 1–3–105(14)'s definition of "person" to section 69–106's terminology, the latter section would clearly be applicable to both natural and non-natural persons. This conclusion is further supported by the fact that section 1–3–105(14) was enacted in 1932, the same year that the antitrust statute was recodified and the word "corporation" dropped from what became section 69–106 in the new Code.

The question presented to the Court is not an easy one in light of the diverse

wording used in the various portions of the state antitrust statute. Although both the codification committee report and section 1–3–105(14) support reading the term "person" in section 69–106 to include corporate entities, other sections of the antitrust statute do indeed express their applicability to corporations in explicit terms. In that respect it would seem that the wording of these other sections would in some cases be unnecessarily repetitive in referring to both persons and corporations. Nevertheless, the Court believes that, weighing all considerations on both sides of this issue, the more sound conclusion is that "person" as used in T.C.A. § 69–106 is in fact intended to encompass both natural and non-natural persons.